UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RENEE WHITE,<br><br>    Plaintiff,<br><br>v.<br><br>AMERICAN EDUCATION SERVICES,<br><br>    Defendant. | Case No. 21-10349<br>Honorable Laurie J. Michelson<br>Magistrate Judge Kimberly G. Altman |

**ORDER ACCEPTING REPORT AND RECOMMENDATION [15] AND GRANTING DEFENDANT'S MOTION TO DISMISS [10]**

Renee White is suing American Education Services (AES), her student loan service provider, for communicating with her and her daughter, Sharon Ricks, regarding her student loans. Specifically, AES sent White and Ricks four communications that form the basis of White's complaint: one asking White for updated contact information, one regarding a consumer experience survey, and two sending the same letter incorrectly stating that White is deceased. White says that because her and Ricks both filed for Chapter 7 bankruptcy, AES was not permitted to contact them about her student loans and violated the bankruptcy court's stay by doing so. (ECF No. 1, PageID.20–21.) White also asserts that AES' communications violated the Fair Debt Collection Practices Act (*id.* at PageID.21–23) and the Michigan Regulation Collection Practices Act (*id.* at PageID.24) and constitutes a number of state-law torts (*id.* at PageID.25–34). AES filed a motion to dismiss all counts. (ECF No. 10.) Before the Court is Magistrate Judge Altman's Report and

Recommendation recommending AES' motion be granted and the case be dismissed. (ECF No. 15, PageID.312.)

At the conclusion of the December 22, 2021 Report and Recommendation, Magistrate Judge Altman notified the parties that they were required to file any objections within fourteen days of service, as provided in Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (ECF No. 15, PageID.312–313.) It has now been more than fourteen days since the Report was served on the parties. No objections have been filed.

The Court finds that the parties' failure to object is a procedural default, waiving review of the Magistrate Judge's findings by this Court. In *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981), the Sixth Circuit established a rule of procedural default, holding that "a party shall file objections with the district court or else waive right to appeal." And in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), the Supreme Court explained that the Sixth Circuit's waiver-of-appellate-review rule rested on the assumption "that the failure to object may constitute a procedural default waiving review even at the district court level." 474 U.S. at 149; *see also Garrison v. Equifax Info. Servs., LLC,* No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Supreme Court further held that this rule violates neither the Federal Magistrates Act nor the Federal Constitution.

The Court therefore finds that the parties have waived further review of the Magistrate Judge's Report and accepts the recommended disposition. (ECF No. 15.) It follows that Defendant's Motion to Dismiss (ECF No. 10) is GRANTED.

SO ORDERED.

Dated: January 10, 2022

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE
